Per Curiam

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

## MINISTRY OF DEFENSE AND SUPPORT FOR THE ARMED FORCES OF THE ISLAMIC REPUBLIC OF IRAN *v.* DARIUSH ELAHI

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 04–1095.   Decided February 21, 2006

PER CURIAM.

A private citizen seeks to attach an asset belonging to Iran's Ministry of Defense in order to help satisfy a judgment for money damages.  The question raised is whether the Foreign Sovereign Immunities Act of 1976 (FSIA or Act), 28 U. S. C. §1602 *et seq.* (2000 ed. and Supp. III), forbids that attachment.

The judgment for money damages consists of a default judgment against the Islamic Republic of Iran (for about $300 million) that the private citizen, Dariush Elahi, obtained in a federal-court lawsuit claiming that the Republic had murdered his brother.  *Elahi* v. *Islamic Republic of Iran*, 124 F. Supp. 2d 97, 103 (DC 2000).  The asset is an arbitration award (against a third party), which Iran's Ministry of Defense obtained in Switzerland. *Ministry of Defense and Support for Armed Forces of Islamic Republic of Iran* v. *Cubic Defense Systems, Inc.,* 385 F. 3d 1206, 1211 (CA9 2004).  The Ministry asked the Federal District Court for the Southern District of California to confirm the award. *Ministry of Defense and Support for Armed Forces of Islamic Republic of Iran* v. *Cubic Defense Systems, Inc.,* 236 F. Supp. 2d 1140 (2002).  The court did so.  And Elahi then intervened, seeking to im-

pose a lien upon the award. The Ministry opposed the attachment on the ground that the Act grants it immunity from such a claim.

The Federal District Court rejected the Ministry's immunity defense on the ground that, by suing to enforce the award, the Ministry had waived any such immunity. On appeal the Ninth Circuit disagreed with the District Court about waiver. But it then found against the Ministry on a different ground—a ground that the parties had not argued. The Act says that under certain conditions the property of an "*agency or instrumentality*" of a foreign government is "*not . . . immune from attachment*" if the agency is "engaged in commercial activity in the United States." 28 U. S. C. §1610(b) (emphasis added). The Court of Appeals found that the Ministry engages in commercial activity and that the other conditions were satisfied. 385 F. 3d, at 1219–1222 (applying §1610(b)(2)). And it held that this section of the Act barred the Ministry's assertion of immunity. *Ibid.*

The Ministry filed a petition for certiorari asking us to review that decision. The Solicitor General agrees with the Ministry that we should grant the writ but limited to the Ministry's Question 1, namely whether "the property of a foreign state *stricto sensu,* situated in the United States" is "immune from attachment . . . as provided in the Foreign Sovereign Immunities Act." Pet. for Cert. i (citing §§1603(a), 1610(a)). The Solicitor General also asks us to vacate the judgment of the Court of Appeals and remand the case for consideration of whether the Ministry is simply a "*foreign state*" (what the Ministry calls "a foreign state *stricto sensu*") or whether the Ministry is an "*agency or instrumentality*" of a foreign state (as the Ninth Circuit held). Brief for United States as *Amicus Curiae* 15–17. We grant the writ limited to Question 1.

The Act, as it applies to the "property in the United States of a *foreign state*," §1610(a) (emphasis added), does

Per Curiam

*not* contain the "engaged in commercial activity" exception that the Ninth Circuit described. That exception applies only where the property at issue is property of an "*agency or instrumentality"* of a foreign state. Compare §1610(b) ("property . . . of an agency or instrumentality of a foreign state engaged in commercial activity") with §1610(a) ("property . . . of a foreign state *used for a commercial activity*") (emphasis added). The difference is critical. Moreover, in the Solicitor General's view a defense ministry (unlike, say, a government-owned commercial enterprise) generally is not an "agency or instrumentality" of a foreign state but an inseparable part of the state itself. Brief for United States as *Amicus Curiae* 8–11; see also *Transaero, Inc.* v. *La Fuerza Aerea Boliviana*, 30 F. 3d 148, 153 (CADC 1994) ("hold[ing] that armed forces are as a rule so closely bound up with the structure of the state that they must in all cases be considered as the 'foreign state' itself, rather than a separate 'agency or instrumentality' of the state").

We shall not now determine whether the Solicitor General is correct about the status of the Ministry, for the Ninth Circuit did not address the question nor did the parties argue the matter before the Circuit. Neither can we fault the Ministry for that failure. As we said, *supra*, at 1, the District Court based its denial of immunity upon waiver. The parties' Ninth Circuit briefs focused on matters not relevant here (such as the waiver question), with one exception. The exception consists of a footnote in Elahi's brief mentioning the Act's "agency and instrumentality" provision. That footnote, however, does not ask for affirmance on that basis; nor did it provide the Ministry with clear notice that a reply was necessary. Answering Brief of Appellee in No. 03–55015 (CA9), p. 45, n. 27 (stating that "*[i]f* [the Ministry] is considered 'an agency or instrumentality of a foreign state,' rather than the foreign state itself, Mr. Elahi's attachment still is valid" (empha-

sis added)).

The Ninth Circuit said that it was free to affirm on "any ground supported by the record." 385 F. 3d, at 1219, n. 15. But the court did not explain what in the record might demonstrate that the Ministry is an "agency or instrumentality" of the state rather than an integral part of the state itself. The court noted that "Elahi appears to concede" that the Ministry is an "agency and instrumentality," *id.*, at 1218, n. 13, but any relevant concession would have to have come from the Ministry, not from Elahi, whose position the concession favors. Thus, in implicitly concluding that the Ministry was an "agency or instrumentality" of the Republic of Iran within the meaning of §1610(b), the Ninth Circuit either mistakenly relied on a concession by respondent that could not possibly bind petitioner, or else erroneously presumed that there was no relevant distinction between a foreign state and its agencies or instrumentalities for purposes of that subsection. See §1603(a), (b). Either way, the Ninth Circuit committed error that was essential to its judgment in favor of respondent.

Because the Ninth Circuit did not consider, and the Ministry had no reasonable opportunity to argue, the critical legal point we have mentioned, we vacate the judgment of the Ninth Circuit, and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*